# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

Abingdon Division

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

DEC 04 2024

LAURA A. AUSTIN, CLERK
BY: K. Campbell
DEPUTY CLERK

Donna Henley

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Carvana Co.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 1:24cv61
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Donna Henley |
| Street Address | 210 Buckeye Street |
| City and County | Saltville Smyth |
| State and Zip Code | Virginia 24370 |
| Telephone Number | (276)356-9700 |
| E-mail Address | rdskns@hotmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Carvana Co. |
| Job or Title *(if known)* | unknown |
| Street Address | 300 E. Rio Salado Pkwy |
| City and County | Tempe Maricopa |
| State and Zip Code | Arizona 85281 |
| Telephone Number | (800)333-4554 |
| E-mail Address *(if known)* | unknown |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* ______

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

N\A

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* Donna Henley, is a citizen of the State of *(name)* Virginia.

b. If the plaintiff is a corporation

The plaintiff, *(name)* Carvana Co., is incorporated under the laws of the State of *(name)* Arizona, and has its principal place of business in the State of *(name)* Arizona.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* N\A, is a citizen of the State of *(name)* N\A. Or is a citizen of *(foreign nation)* N\A.

b. If the defendant is a corporation

The defendant, *(name)* Carvana Co., is incorporated under the laws of the State of *(name)* Arizona, and has its principal place of business in the State of *(name)* Arizona. Or is incorporated under the laws of *(foreign nation)* Arizona, and has its principal place of business in *(name)* Arizona.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$275,00.00

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

see attachment

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

see attachment

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/21/2024

Signature of Plaintiff ______________________

Printed Name of Plaintiff Donna Henley

### B. For Attorneys

Date of signing: ______________________

Signature of Attorney ______________________

Printed Name of Attorney ______________________

Bar Number ______________________

Name of Law Firm ______________________

Street Address ______________________

State and Zip Code ______________________

Telephone Number ______________________

E-mail Address ______________________

## III. Statement of Claim

### 1. The Transaction

On February 3, 2024, Plaintiff purchased a 2012 Mini Roadster (VIN: WMWSY5C50CT312535) from Defendant, Carvana, LLC, through its online platform. Plaintiff relied on Defendant's representations regarding the vehicle's condition, features, and warranty when completing the purchase.

### 2. Vehicle Misrepresentation

Defendant advertised the vehicle as being in excellent condition, having undergone a 150-point inspection, and including upgraded features such as Bluetooth connectivity, USB ports, and a premium stereo system. These representations were a material factor in Plaintiff's decision to purchase the vehicle.

### 3. Defective Vehicle Delivered

Upon delivery, Plaintiff discovered the vehicle failed to meet the advertised specifications and suffered from numerous mechanical issues, including:

- Missing features such as Bluetooth, USB ports, and a premium stereo system.

- Mechanical defects, including overheating, clutch failure, defective O2 sensors, a broken trunk latch, and a head gasket issue rendering the vehicle undriveable.

### 4. Title and VIN Irregularities

Plaintiff later discovered that the vehicle's VIN was associated with multiple prior sales transactions, raising concerns about the validity of the title and potential title fraud. Defendant failed to disclose these irregularities before the sale.

**5. Financial and Emotional Damages**

Due to the vehicle's condition and Defendant's failure to resolve the issues, Plaintiff incurred significant out-of-pocket expenses for towing, rental cars, repairs, and increased insurance premiums. Additionally, the vehicle's unreliability caused disruptions to Plaintiff's caregiving responsibilities for her critically ill mother, leading to significant emotional and psychological distress.

**6. Unresolved Complaints**

Plaintiff made repeated efforts to resolve the issues, including sending formal demand letters and filing a complaint with the Better Business Bureau (BBB). Defendant failed to adequately address the complaints or provide a reasonable resolution, such as repair, replacement, or refund.

**7. Unfair Buyback Offer**

Defendant offered to repurchase the vehicle at a significant financial loss to Plaintiff, which was inadequate and failed to account for the full scope of the damages.

**8. Carvana's Breach of Contract and Consumer Protection Violations**

Defendant breached its contractual obligations, express and implied warranties, and violated state and federal consumer protection laws by misrepresenting the vehicle's condition, failing to disclose material defects, and refusing to resolve Plaintiff's claims.

## IV. Relief

Plaintiff respectfully requests that the Court grant the following relief:

1. **Compensatory Damages**

- $25,000 for out-of-pocket expenses incurred due to the vehicle's defective condition, including towing, rental cars, repairs, and increased insurance premiums.

- $100,000 to compensate for lost income and caregiving disruptions caused by the vehicle's unreliability.

2. **Repair or Replacement**

- Full repair of all mechanical defects and installation of the originally advertised features (Bluetooth, USB ports, premium stereo system).

- Alternatively, replacement of the vehicle with one that matches the original advertised condition and features.

3. **Emotional Distress Damages**

- $100,000 for the significant emotional and psychological harm caused by Defendant's deceptive practices and the disruption to Plaintiff's caregiving responsibilities.

4. **Punitive Damages**

- $50,000 to penalize Defendant for its willful neglect and deceptive practices and to deter similar conduct in the future.

5. **Lifetime Warranty**

- A lifetime warranty covering all future mechanical and cosmetic repairs for the vehicle to ensure its reliability moving forward.

6. **Title Confirmation**

- Written documentation confirming that Plaintiff holds valid and undisputed title to the vehicle, free from defects or competing claims.

7. **Attorney Fees and Court Costs**

- Full reimbursement of all legal fees, court costs, and other expenses incurred in pursuing this claim under applicable state and federal consumer protection laws.

8. **Injunctive Relief**

- An order requiring Defendant to:

a. Implement stricter quality control measures for vehicle inspections.

b. Verify and disclose all advertised features before listing vehicles for sale.

c. Ensure clear and accurate title information is provided to consumers prior to sale.

9. **Prejudgment and Post-Judgment Interest**

- Award interest on all monetary damages from the date the harm occurred to the date of judgment and beyond.

9. **Total Amount Sought**

Plaintiff seeks a total monetary award of **$275,000**, including compensatory, emotional distress, and punitive damages, in addition to any other relief deemed just and proper by the Court.

# Case Summary: Donna Henley v. Carvana, LLC

## Introduction

This case arises from the sale of a defective 2012 Mini Roadster (VIN: WMWSY5C50CT312535) by Carvana, LLC ("Defendant") to Donna Henley ("Plaintiff") on February 3, 2024. Defendant misrepresented the vehicle's condition, features, and history through deceptive advertising and documentation. Plaintiff relied on these representations to her detriment. Upon delivery, the vehicle exhibited significant mechanical issues, discrepancies in mileage and documentation, and unauthorized alterations, making it unfit for use. Despite multiple complaints and demands, Defendant failed to provide adequate remedies or address Plaintiff's concerns, instead engaging in a pattern of misrepresentation, concealment, and negligence.

This case seeks to hold Carvana accountable for its fraudulent and deceptive practices, recover Plaintiff's losses, and ensure the Defendant's conduct is addressed to protect future consumers.

## Detailed Issues

1. Misrepresentation of Advertised Features

- **Facts**:

The vehicle was advertised as being equipped with Bluetooth connectivity, USB ports, and a premium stereo system. These features were material to Plaintiff's decision, as they were

essential for hands-free communication and navigation during her work as a DoorDash driver. However, upon delivery, the vehicle lacked all of these features.

Defendant's Actions Defendant offered only $100 to resolve the issue, which was grossly insufficient to cover the $1,500 required to retrofit the vehicle to match its advertised condition.

Impact

- Plaintiff purchased a vehicle that did not meet her needs or expectations, diminishing its utility and value.

- The absence of these features caused frustration, inconvenience, and significant emotional distress.

Legal Precedent

- *Metowski v. Traid Corp.*, 28 Cal. App. 3d 332 (1972): Misrepresentation of a product's features constitutes a breach of express warranty under UCC § 2-313.

- *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135 (1986): Fraudulent misrepresentation of product attributes entitles consumers to damages for both financial and emotional harm.

2. Altered Appearance

Facts :

Plaintiff selected the vehicle from Carvana's website, which prominently displayed red racing stripes on the hood. Upon delivery, the vehicle lacked these stripes entirely. Plaintiff later discovered that Carvana had removed the stripes without her knowledge or consent.

Manipulation of Listing In August 2024, Plaintiff observed that the vehicle listing still showed the red stripes and labeled the car as "Donna's Mini." However, by October 2024, the listing had been altered to remove the stripes, aligning it with the delivered vehicle's appearance.

Impact

- Plaintiff received a vehicle that did not match the one advertised, undermining her trust in Carvana's practices.

- The removal of the stripes diminished the vehicle's aesthetic appeal and value.

Legal Precedent

- *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135 (1986): Unauthorized alterations to a product's attributes constitute fraudulent misrepresentation.

- *Klein v. Drucker*, 86 F.3d 50 (2001): Sellers must maintain accurate records and disclose any material changes to products prior to sale.

3. Mechanical Defects

Facts Within weeks of delivery, the vehicle exhibited severe mechanical defects, including:

Overheating and Coolant System Issues Persistent overheating due to a defective coolant system and head gasket. Plaintiff was forced to manually add coolant or water during operation.

Clutch Failure: The clutch failed entirely, rendering the vehicle undriveable and necessitating costly repairs.

Defective O2 Sensors Faulty oxygen sensors caused warning lights to illuminate, reduced fuel efficiency, and impaired overall performance.

Broken Trunk Latch: The trunk latch failed to close securely, causing constant beeping and operational challenges while driving.

Defendant's ActionsDefendant represented that the vehicle had undergone a 150-point inspection, yet these defects clearly existed at the time of sale and were not disclosed.

Impact

- Plaintiff was left with an unreliable, unsafe, and unfit vehicle.

- Plaintiff incurred thousands of dollars in repair costs, in addition to towing and rental expenses.

-Legal Precedent

- *Henningsen v. Bloomfield Motors, Inc.*, 161 A.2d 69 (N.J. 1960): Vehicles sold in an unsafe or defective condition breach the implied warranty of merchantability.

- *Murray v. Holiday Rambler, Inc.*, 265 N.W.2d 513 (Mich. 1978): Sellers are liable for mechanical defects that render a vehicle unfit for its ordinary purpose.

**4. Carfax Report and Mileage Discrepancies****

Facts

Defendant claimed Plaintiff had access to the Carfax report before purchase. However, the report was not generated until February 2, 2024, at 4:44 PM—less than 12 hours before Plaintiff picked up the vehicle. The report listed the mileage as **52,000 miles**, but upon delivery, the odometer displayed **53,600 miles**, an unexplained increase of **1,600 miles**.

Defendant's Actions Carvana failed to provide any explanation for the mileage discrepancy, raising concerns about odometer tampering or undisclosed prior use.

Impact

- The additional mileage reduced the vehicle's resale value and raised questions about its history and integrity.

- Plaintiff was left questioning Carvana's transparency and reliability.

-Legal Precedent

- *Vincent v. Mercedes-Benz of North America, Inc.*, 688 F.2d 614 (9th Cir. 1982): Misrepresentation of a vehicle's mileage constitutes fraud.

- *Federal Odometer Act (49 U.S.C. § 32701 et seq.)*: Prohibits sellers from tampering with or misrepresenting odometer readings.

**5. Documentation Discrepancies****

Facts: Plaintiff and her co-signer signed all purchase documents on February 3, 2024. However, Carvana's website lists the purchase agreement as being signed on February 7, 2024, with a computer-generated signature for Plaintiff and no co-signer signature.

Impact

- The altered documentation raises questions about the validity of the agreement and Plaintiff's rights under the original contract.

- Plaintiff's confidence in Carvana's integrity and documentation practices was severely undermined.

Legal Precedent

- *Grimm v. L. & N. R. Co.*, 15 S.W.2d 1028 (1915): Unauthorized alterations to contracts breach the agreement and harm the buyer's rights.

**Impacts on Plaintiff**

*Financial Losses

- Plaintiff incurred substantial out-of-pocket expenses, including:

- **$1,000+** for towing and rental cars during periods when the vehicle was inoperable.

- Thousands of dollars in repair costs for the clutch, coolant system, and other issues.

- Increased insurance premiums due to added roadside assistance coverage.

Disruption of Employment

- Plaintiff relied on the vehicle for her part-time work as a DoorDash driver. Due to its unreliability, Plaintiff was unable to work consistently, resulting in monthly income losses of **$500 since February 2024**.

Caregiving Responsibilities

- Plaintiff is the sole caregiver for her mother, who has stage 4 colon cancer and severe kidney disease. The lack of a dependable vehicle disrupted Plaintiff's ability to transport her mother to critical medical appointments, exacerbating her stress and emotional burden.

Health and Emotional Distress

- Plaintiff developed significant health issues requiring regular medical appointments, which she missed due to the vehicle's unreliability.

- The ongoing stress and frustration caused Plaintiff to seek counseling for anxiety and emotional exhaustion.

## Legal Claims

1. **Fraudulent Misrepresentation**: Misrepresentation of features, mileage, and condition.

   - *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135 (1986).

2. **Breach of Warranty**: Violations of express and implied warranties under the UCC and Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.).

- *Henningsen v. Bloomfield Motors, Inc.*, 161 A.2d 69 (N.J. 1960).

3. **Breach of Contract**: Alteration of the purchase agreement without consent.

- *Grimm v. L. & N. R. Co.*, 15 S.W.2d 1028 (1915).

4. **Consumer Protection Violations**: Deceptive practices violating state and federal laws.

- *Johnson v. Davis*, 480 So.2d 625 (Fla. 1985).

## Relief Sought

1. **Compensatory Damages**: $125,000 for financial losses and disruptions.

2. **Emotional Distress Damages**: $100,000 for the severe emotional and psychological toll caused by Carvana's negligent and deceptive actions. This includes reimbursement for counseling services, compensation for the anxiety, stress, and frustration endured, and recognition of the detrimental impact on Plaintiff's personal and professional life.

3. **Punitive Damages**: $50,000 to deter Carvana and other corporations from engaging in similar deceptive practices in the future. Carvana's deliberate misrepresentations, attempts to obscure issues, and failure to address legitimate grievances reflect a reckless disregard for consumer rights and legal obligations. Punitive damages are necessary to ensure accountability and prevent systemic abuse.

4. **Non-Monetary Relief**:

- Full repair or replacement of the vehicle with one that matches the originally advertised condition, including all promised features and aesthetic elements such as the red racing stripes.

- Provision of a **lifetime warranty** covering all mechanical, electrical, and cosmetic issues related to the vehicle.

- Written confirmation of the vehicle's valid title, ensuring no disputes or encumbrances related to the VIN or previous transactions.

5. **Attorney Fees and Costs**: Plaintiff seeks full reimbursement of all legal expenses incurred in pursuing this case under the Magnuson-Moss Warranty Act and applicable state consumer protection laws.

6. **Prejudgment and Post-Judgment Interest**: Plaintiff seeks interest on all awarded damages to account for the time during which she has been deprived of rightful compensation.

**Broader Implications and Accountability**

This case highlights systemic issues within Carvana's business practices, including deceptive advertising, misrepresentation of vehicle features and history, and manipulation of records to evade accountability. These practices not only harm individual consumers like Plaintiff but also undermine trust in the automotive sales industry as a whole. Carvana's conduct demonstrates a blatant disregard for legal and ethical obligations, exposing systemic vulnerabilities that could affect thousands of other buyers.

Holding Carvana accountable in this case is crucial to deterring similar misconduct and ensuring consumer protection laws are meaningfully enforced. By addressing Carvana's deceptive

practices and awarding comprehensive relief to Plaintiff, this case has the potential to set a precedent for greater corporate accountability in the automotive industry.

**Legal Precedents Supporting Claims****

1. **Fraudulent Misrepresentation**:

- *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135 (1986): Misrepresentation of a product's advertised features constitutes actionable fraud.

- *Johnson v. Davis*, 480 So.2d 625 (Fla. 1985): Sellers must disclose material facts affecting the value of a product; failure to do so constitutes fraud.

2. **Breach of Warranty**:

- *Henningsen v. Bloomfield Motors, Inc.*, 161 A.2d 69 (N.J. 1960): A vehicle that is unsafe or unfit for ordinary use breaches the implied warranty of merchantability.

- *Murray v. Holiday Rambler, Inc.*, 265 N.W.2d 513 (Mich. 1978): Mechanical defects that undermine the vehicle's fitness for purpose violate implied warranties.

3. **Odometer Tampering and Mileage Misrepresentation**:

- *Vincent v. Mercedes-Benz of North America, Inc.*, 688 F.2d 614 (9th Cir. 1982): Misrepresentation of vehicle mileage constitutes fraud and entitles buyers to damages.

- *Federal Odometer Act (49 U.S.C. § 32701 et seq.)*: Prohibits tampering with or misrepresenting odometer readings; violations are actionable under federal law.

4. **Breach of Contract**:

- *Grimm v. L. & N. R. Co.*, 15 S.W.2d 1028 (1915): Sellers who alter contracts without buyer consent violate the terms of the original agreement.

- *Klein v. Drucker*, 86 F.3d 50 (2001): Buyers are entitled to damages when sellers fail to disclose material changes to contractual terms.

## Conclusion

Carvana's actions represent a pattern of deliberate deception, negligence, and disregard for consumer rights. By failing to deliver a vehicle that met the promised standards and condition, manipulating documentation, and refusing to provide adequate remedies, Carvana has caused Plaintiff significant financial, emotional, and personal harm. Plaintiff has incurred substantial losses, including out-of-pocket expenses, lost income, disrupted caregiving responsibilities, and irreparable emotional distress.

Plaintiff respectfully seeks damages totaling **$275,000** to fully address these harms, including compensatory damages for financial losses, emotional distress damages, and punitive damages to ensure accountability. Additionally, Plaintiff requests non-monetary relief to restore her to the position she was in before this transaction and to protect her from further harm.

This case is not only about rectifying the harm caused to Plaintiff but also about setting a precedent to deter similar misconduct by Carvana and other companies in the automotive sales

industry. By holding Carvana accountable, this case underscores the importance of consumer rights and the necessity of corporate responsibility in maintaining trust and fairness in the future.

Carvana's actions represent a blatant disregard for legal obligations, consumer rights, and ethical business practices. Through false advertising, failure to disclose critical information, manipulation of records, and delivery of a defective vehicle, Carvana has not only breached its contractual and legal responsibilities but also inflicted severe financial and emotional harm on Plaintiff. Despite numerous opportunities to address these issues through Plaintiff's repeated demands, Carvana chose to provide insufficient responses, thereby prolonging Plaintiff's suffering and demonstrating a lack of accountability.

The financial harm suffered by Plaintiff Is extensive. Plaintiff has incurred thousands of dollars in repair, rental, towing, and insurance costs, while also experiencing significant income losses due to the vehicle's unreliability. As a part-time DoorDash driver, Plaintiff relied on the promised features and functionality of the vehicle to perform her job. Carvana's failure to deliver a vehicle in the promised condition directly disrupted Plaintiff's ability to earn income, causing cumulative financial strain over several months.

The emotional and psychological toll on Plaintiff Is equally severe. As the sole caregiver for her mother, who is battling stage 4 colon cancer and severe kidney disease, Plaintiff required a reliable vehicle to manage essential medical appointments and caregiving responsibilities. The vehicle's persistent defects and Carvana's dismissive responses left Plaintiff without dependable transportation, resulting in missed appointments and heightened stress for both Plaintiff and her mother. Additionally, Plaintiff's own medical needs were neglected, as the unreliable vehicle prevented her from attending critical health appointments. The cumulative stress of these

circumstances forced Plaintiff to seek counseling to manage the anxiety, depression, and feelings of helplessness caused by Carvana's negligence.

Carvana's misconduct also highlights a troubling pattern of systemic failures within the company's operations. The mileage discrepancies, falsified documentation, and post-sale manipulation of the vehicle's online listing reflect a deliberate effort to obscure the truth and evade accountability. These actions demonstrate not only a failure of transparency but also a willful intent to deceive consumers. Such behavior erodes trust in the automotive sales industry and poses a risk to countless other buyers who rely on Carvana's representations in good faith.

This case has broader implications beyond the harm suffered by Plaintiff. Carvana's actions exemplify the type of corporate misconduct that consumer protection laws are designed to prevent. Allowing such behavior to go unchecked would set a dangerous precedent, undermining the rights of consumers and the integrity of the marketplace. By pursuing this case, Plaintiff seeks not only justice for herself but also accountability for Carvana's practices, ensuring that similar harm does not befall other consumers.

The relief sought In this case is fair and necessary to address the significant harm caused by Carvana's actions. The damages requested reflect not only the direct financial and emotional toll on Plaintiff but also the need for punitive measures to deter Carvana and similar companies from engaging in deceptive and unethical practices. Plaintiff respectfully requests the following relief:

1. **Compensatory Damages**: To cover all out-of-pocket expenses, lost income, and disruptions caused by the vehicle's defects and Carvana's negligence.